JANVIER, Judge.
This suit results from an accident in which the car of Charles E. Anthaume, which was parked at the curb of a street, in New Orleans, was damaged as the result of being struck by another car which, as the result of an'intersectional collision with a third car, had crashed into the parked car of Anthaume.
Anthaume had secured a policy of collision insurance from Norfolk and Ded-ham Mutual Fire Insurance Company under which that insurer-had agreed that, in the event of damage sustained by collision, it would pay all but the first $50 of the cost of repairing the damage. The cost in this case is alleged to have amounted to $461.91 which the said insurer and Anthaume have paid. The insurer and Anthaume brought this suit against Liberty Mutual Insurance Company, the insurer of a car driven by Mrs. Helen C. Naquin and against Claude J. Brock, the driver of the other car which was owned by Thomas B. Chauvin and which was in the collision. Thomas B. Chauvin was made defendant under the allegation that Brock was “acting as agent for and on behalf of * * * Chauvin.” It was alleged that the accident had been caused by the joint negligence of Brock and Mrs. Naquin.
Liberty Mutual Insurance Company answered, denying that there had been any negligence on the part of Mrs. Chauvin, averred that the accident had been caused solely by negligence of Brock, and, in the alternative that it should appear that Mrs. Naquin was to'any extent at fault, averred that there could he rio recovery by plaintiffs because of the contributory negligence of Mrs. Anthaume in parking the car “ * * * .within five feet of the intersection * * *, in violation of the ordinances of the City of New Orleans, which are specially pleaded herein.”
*176 The matter came up for trial, and, though Brock was present, no attempt was made to secure a judgment against him, and it was agreed that the plaintiffs should proceed with the trial as against Liberty Mutual Insurance Company and that there should be reserved to plaintiffs the right at some future time to proceed with the trial as against the other defendants.
There was judgment dismissing plaintiffs’ suit as against Liberty Mutual Insurance Company and in the said judgment there was reserved “plaintiffs’ rights against defendant, Claude J. Brock and Thomas B. Chauvin.” The Court gave no reasons for judgment so we cannot determine whether it was felt that the evidence indicated that there had been no fault on the part of Mrs. Naquin, and that the entire fault lay in Brock, or whether the Court felt that there had been contributory negligence on the part of Mrs. Anthaume in parking her car within fifteen feet of the corner, in violation of the City ordinance and that, as a result of this contributory negligence, plaintiffs should not be permitted to recover.
If the trial Court felt that the parking of the car five feet from the corner was contributory negligence of Mrs. Anthaume and that for this reason no recovery should be allowed, this was manifestly erroneous since the fact that the car was so parked had not the slightest causal connection with the ensuing accident. Thus, since there was no fault in Mrs. Anthaume in so parking the car, there must be recovery based on the fact that either Mrs. Naquin or Brock, or both of them were at fault. Should we decide at the present time whether there was fault in either or both of those drivers, when the case is tried as against Brock and Chauvin there would remain the question to be determined whether Brock was at fault and whether his negligence could also be charged against Chauvin. It might be that a different result would be reached at that time.
We think it advisable that the matter be remanded to the First City Court to the end that a trial may be had against all of the defendants at the same time and the entire matter disposed of with all represented.
Accordingly, the judgment appealed from is annulled, avoided and reversed and the matter is remanded to the First City Court of New Orleans for further proceedings consistent with the views herein expressed and according to law.
Reversed and remanded.